**NOT FOR PUBLICATION**

FEB 24 2014

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONG WANG,<br><br>              Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>              Respondent. | No. 12-72239<br><br>Agency No. A099-052-711<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Dong Wang, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We deny the petition for review.

With respect to Wang's claim based on past events in China, substantial evidence supports the agency's adverse credibility determination based on inconsistencies in Wang's testimony and written statement regarding whether the cell leader beat him and whether his son was present at the baptism. *See id.* at 1048 (adverse credibility finding reasonable under totality of circumstances). The agency reasonably rejected Wang's explanations for the inconsistencies. *See Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007). Accordingly, in the absence of credible testimony, Wang's asylum and withholding of removal claims based on the alleged past harms in China fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

With respect to Wang's fear of harm based on his current status as a practicing Christian, substantial evidence supports the agency's determination that Wang did not establish a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (fear was "too speculative" under circumstances of case); *Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir. 2001) ("[a]n

12-72239

applicant's claim of persecution upon return is weakened, even undercut, when similarly-situated family members continue to live in the country without incident"). Accordingly, Wang's asylum claim based on his status as a practicing Christian fails. Wang's withholding of removal claim also fails because he failed to meet the lower standard of proof for asylum. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's finding that Wang did not establish it is more likely than not he will be tortured if returned to China. *See* 8 C.F.R. §§ 1208.16(c), 1208.18.

**PETITION FOR REVIEW DENIED.**